**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Maurice McCree, | : | Case No. 1:08CV1210 |
|          Petitioner | : | Judge Donald C. Nugent |
| v. | : | Magistrate Judge David S. Perelman |
| Stuart Hudson, Warden, | : | **REPORT AND RECOMMEND DECISION** |
|          Respondent | : | |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his February 28, 2006 conviction in a jury trial of one count of aggravated murder with a firearm specification, upon which he is serving a sentence of life imprisonment, with an additional three years for the specification, to be served prior to and consecutive to the sentence on the main count, with parole eligibility after twenty years. Petitioner was also convicted in a bench trial of one count of having a weapon while under a disability, upon which he was sentenced to five years incarceration, to be served consecutively to the aggravated murder sentence.[1]

Petitioner's conviction arose consequent to his having shot Mr. Lavelle Weeden, after the two argued about drug dealing.

---

[1] This was petitioner's sentence upon re-sentencing after his direct appeal. His original sentence was twenty years to life on the aggravated murder count, with an additional three years on the firearm specification, and five years for having a weapon while under a disability, to be served consecutive to the sentence for aggravated murder.

1

Petitioner, represented by newly appointed counsel, appealed his conviction to the Ohio Eighth District Court of Appeals, alleging the following eleven assignments of error:

> I. Appellant's right to confront witnesses as guaranteed through the sixth and fourteenth amendments to the U.S. Constitution and Section 10, Article I of the Ohio Constitution were violated when the court allowed an ex parte hearing and ruled that the state did not have to produce the names and addresses of the state's witnesses.
>
> II. The trial court erred by denying appellant's motion for a mistrial when a state's witness testified about Appellant's prior prison sentence.
>
> III. Appellant's right to confrontation was violated when the prosecution introduced testimonial hearsay statements from the deceased that implicated Appellant in the offense.
>
> IV. The state failed to present sufficient evidence to sustain a conviction against Appellant.
>
> V. The trial court erred in denying Appellant's motion for acquittal as to the charge of aggravated murder when the state failed to present sufficient evidence that Appellant acted with prior calculation and design.
>
> VI. Appellant's convictions are against the manifest weight of the evidence.
>
> VII. Appellant was denied effective assistance of counsel as guaranteed by Section 11, Article VII, of the Ohio Constitution and the sixth and fourteenth amendments to the U.S. Constitution when counsel failed to request a jury instruction on voluntary manslaughter.
>
> VIII. The trial court erred by improperly instructing the jury by giving an instruction on flight which denied appellant's right to a fair trial.
>
> IX. The trial court erred by ordering Appellant to serve a consecutive sentence without first considering a concurrent sentence and by making findings not supported by the record.
>
> X. The trial court erred when it sentenced Appellant to a

maximum sentence without making the appropriate findings.

XI. The trial court erred by ordering convictions for separate counts of aggravated murder with a firearm specification and having weapon while under disability to be served consecutively because the offenses are allied offenses pursuant to R.C. 2914.25 and they are part of the same transaction under R.C. 2929.14.

On January 25, 2007 the appellate court affirmed the conviction, but remanded the case back to the trial court for correction of the sentencing entry to properly reflect that the conviction of aggravated murder was subject to a sentence of life imprisonment, with parole eligibility after 20 years.  Upon re-sentencing there was to be no mention of post-release parole, but, rather, only the possibility of parole upon petitioner's release from prison.

Petitioner was re-sentenced on February 20, 2007.  He did not appeal his sentence thereafter.

Petitioner failed to file a timely appeal of the affirmance of his conviction to the Ohio Supreme Court.  Instead, on April 23, 2007, he filed a pro se a motion for leave to file a delayed appeal, in which he asserted eleven assignments of error which paralleled those raised to the Ohio Eighth District Court of Appeals.  On June 6, 2007 the court denied petitioner's motion for delayed appeal and dismissed the appeal.

On May 15, 2008 the petitioner filed the instant petition, in which he raises the following eight claims for relief:

A. **GROUND ONE:**  Petitioner's right to confront witnesses as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated when the trial court allowed an ex parte hearing and ruled that the state did not have to produce the names and addresses of the state's witnesses.

B. **GROUND TWO:** Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution was [sic] violated where the trial court denied his motion for a mistrial when a State's witness testified about Petitioner's prior prison

sentence.

C. **GROUND THREE:** Petitioner's right to confrontation under the Sixth Amendment to the United States Constitution was violated when the prosecutor introduced testimonial hearsay statements from the deceased that implicated Petitioner in the offense.

D. **GROUND FOUR:** The State of Ohio failed to present sufficient evidence to sustain a conviction against Petitioner.

E. **GROUND FIVE:** The trial court erred in denying Petitioner's motion for acquittal as to the charge of aggravated murder when the State failed to present sufficient evidence that Petitioner acted with prior calculation and design.

F. **GROUND SIX:** Petitioner was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth amendments to the United States Constitution when counsel failed to request a jury instruction on voluntary manslaughter.

G. **GROUND SEVEN:** The trial court erred by improperly instructing the jury by giving an instruction on flight which denied Petitioner's right to a fair trial.

H. **GROUND EIGHT:** The trial court erred by ordering Petitioner to serve a maximum-consecutive sentence without first considering a minimum-concurrent sentence and by making findings not supported by the record.

I. **GROUND NINE:** The trial court erred by ordering convictions for separate counts of aggravated murder with a firearm specification and having weapon while under disability to be served consecutively because the offenses are allied offenses pursuant to R.C. 2914.25 and they are part of the same transaction under R.C. 2929.14.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

Respondent asserts that petitioner's claims for relief have been exhausted, but that they were

4

procedurally defaulted when petitioner failed to file a timely appeal with the state supreme court and that court denied his motion for leave to file a delayed appeal.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus. Hafley v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. A default occurs in the state courts if the last state court rendering a decision makes a plain statement of such state procedural default. Harris v. Reed, 489 U.S. 255 (1989). When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." Id. at 84.

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four part approach on habeas corpus for determining whether a petitioner's claim is barred by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether

the state court enforced the sanction for failure to comply.  If so, it must then be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring federal review.  If all these questions are answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in Wainwright, supra at 138.

Turning to the present case the Ohio Supreme Court refused to hear the claims for relief raised in these proceedings when it denied petitioner's motion for leave to file a delayed appeal in that court.  There being no available means of further presenting these issues to the state courts, they have been exhausted but there is the question as to whether they have been procedurally defaulted in light of the refusal of that court to grant petitioner's motion for leave to file delayed appeal.[2]

Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court provides for the filing of a motion for delayed appeal along with notice of appeal, where a criminal defendant has failed to file a timely appeal to that court from a decision of the lower appellate court.  That motion is only to include the reasons for delay, with the actual appeal issues only being presented upon the supreme court's granting such motion.  A denial of a motion for delayed appeal is premised solely upon the reasons for delay and, therefore, is a decision based upon procedural default and not upon merits review.  Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004).  The Maupin factors have been satisfied as the rule requiring timely filing is a state procedural rule with which the petitioner failed to comply, the Ohio Supreme Court enforced that rule, and petitioner's failure to comply with that rule constitutes an adequate and independent ground for barring review of the federal constitutional claim.

---

[2]Under Ohio law claims of ineffective assistance of appellate counsel (which the petitioner asserts was the cause of procedural default in the state courts) are to be filed in an application to reopen an appeal within ninety days from journalization of the judgement on direct appeal. Rule 26(B), Ohio Rules of Appellate Procedure. Petitioner did not file a Rule 26(B) application to reopen, and any attempt to do so at this point would be untimely. Absent a showing of good cause for the delay, which there is no indication of in this case, the untimely claims would not be considered by the state appellate court. That being the case, requiring petitioner to file such an untimely application would be futile, particularly since he ultimately attempted to present this claim to the supreme court.

Id. at 497.  As such, petitioner has procedurally defaulted the claims for relief raised herein.  Id. at 497. Accord, Simpson v. Jones, 238 F.3d 399, 406 (6th Cir. 2000);  Barkely v. Konteh, 240 F.Supp.2d 708 (N.D.Ohio 2002).

These issues having been procedurally defaulted, this Court must look to whether petitioner has satisfied his burden of demonstrating cause for the procedural default and actual prejudice deriving therefrom.

Petitioner argues that ineffective assistance of appellate counsel was the cause of his failure to file a timely appeal to the Ohio Supreme Court.  Petitioner claims that his counsel failed "to timely forward the court of appeals decision to Petitioner, or file the appeal himself," so that he could pursue a timely appeal of right to the Ohio Supreme Court.

Error or imprudent tactical decision by an otherwise competent counsel does not constitute cause for a procedural default.  Murray v. Carrier, 477 U.S. 478 (1986).  Only where counsel is constitutionally ineffective can his/her error be deemed "cause."  Id. at 488-89.  See, also, Lucas v. O'Dea, 179 F.3d 412, 419 (6th Cir. 1999).  "[The petitioner's] ineffective assistance of appellate counsel claims can serve as cause for the procedural default of his other claims only if [the petitioner] can demonstrate that his appellate counsel was constitutionally ineffective."  Buell v. Mitchell, 274 F.3d 337, 351-52 (6th Cir.  2001).

Before a claim of ineffective assistance of counsel can be cited as cause for a procedural default, however, it must "be presented to the state courts as an independent claim."  Id. at 489.

> The question whether there is cause for a procedural default does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause--a question of federal law--without deciding an independent and unexhausted constitutional claim on the merits.  But if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would

> find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be illserved by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," . . . and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

Id. (Citation omitted). Accord, Edwards v. Carpenter, 529 U.S. 446 (2000).

The underlying flaw with petitioner's argument on cause is that he did not have the right to counsel in his discretionary appeal to the state supreme court. Halbert v. Michigan, 545 U.S. 605 628 (2005), citing Wainwright v. Torna, 455 U.S. 586 (1982) and Ross v. Moffitt, 417 U.S. 600 (1974). Accord, Wright v. Bobby, Case No. 1:05CV2870, 2008 U.S.Dist. LEXIS 47555, *8 (N.D.Ohio 2008) (J. Wells). Absent such right, any ineffective assistance which might have impeded his ability to file a timely appeal to the state supreme court could not constitute cause for the aforementioned procedural default.[3] Gulertekin v. Tinnelman-Cooper, 340 F.3d 414, 425 (6th Cir. 2003), citing Coleman v. Thompson, 501 U.S. 722, 752-53 (1991).

Petitioner also argues that "because of court costs and fines, he was unable to afford to pay for legal copies and postage before the 45 [day] deadline [for filing his appeal to the state supreme court] expired." This Court agrees with the respondent's argument that petitioner's lack of funds in his inmate account does not constitute cause for his procedural default, in light of the fact that it does not constitute "an objective factor external to the defense or an external impediment." Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner had it within his power to secure funds for his account so that he could file his appeal. Furthermore, petitioner became aware of the state appellate court decision

---

[3]There has been no convincing showing of actual innocence as regards the procedural default claim.

affirming his conviction on or about February 1, 2007, and on or about February 21st he was advised to contact the Ohio Public Defender's office in order to pursue his case further, which he did not do. His appeal was due in the state supreme court on March 22, 2007. Even if he had not been able to secure the funds, had the defender's office been involved the matter could have been addressed prior to the expiration of the filing deadline.

Petitioner having failed to demonstrate cause for the procedural default of failing to present a timely appeal to the state supreme court, his claims for relief must fail on that basis.

It is, therefore, recommended that the petition be dismissed without further proceedings.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   March 16, 2009

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).